

**FILED**
CLERK, U.S. DISTRICT COURT

**10/27/21**

CENTRAL DISTRICT OF CALIFORNIA
BY:＿＿＿MG＿＿＿DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| PAOLA FRENCH, et al., | Case No. EDCV20-00416-JGB(SPx) |
| Plaintiff, | |
| vs. | JURY INSTRUCTIONS |
| CITY OF LOS ANGELES., et al, | |
| Defendants | |

## JURY INSTRUCTION NO. 1

### Duty of Jury

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you on the law that applies to this case.

A copy of these instructions will be sent to the jury room for you to consult during your deliberations.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Please do not read into these instructions or anything that I may say or do that I have an opinion regarding the evidence or what your verdict should be.

## JURY INSTRUCTION NO. 2

### Claims and Defenses

As stated in the beginning of the trial, the following is a brief summary of the positions of the parties:

This civil case arises out of an officer-involved shooting that occurred on the inside of a Costco, in the City of Corona, California on June 14, 2019.  The Plaintiffs are Paola and Russell French and the Defendants are Salvador Sanchez and the City of Los Angeles.  Salvador Sanchez was employed as a police officer by the Los Angeles Police Department at the time of the incident.  Salvador Sanchez used excessive and unreasonable force and was negligent when he shot Paola, Russell, and their son Kenneth French.

Plaintiffs allege that Salvador Sanchez was acting in his capacity as a City of Los Angeles Police Officer and under the Color of Law at the time of the incident. Plaintiffs are seeking monetary damages against the Defendants as permitted by law.

Defendant City of Los Angeles denies Plaintiffs' claims against it and contends that Defendant Salvador Sanchez was off-duty and not acting within the course and scope of his employment with the City of Los Angeles at the time of the incident.

Defendant Salvador Sanchez disputes the nature and extent of the Plaintiffs' alleged injuries and damages.

## <u>JURY INSTRUCTION NO. 3</u>

### <u>Burden of Proof – Preponderance of the Evidence</u>

When a party has the burden of proving any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

## JURY INSTRUCTION NO. 4

### What is Evidence

The evidence you are to consider in deciding what facts are consists of:

1.  the sworn testimony of any witness;

2.  the exhibits which are admitted into evidence;

3.  any facts to which the lawyers have agreed; and

4.  any facts that I may instruct you to accept as proved.

## JURY INSTRUCTION NO. 5

### What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that is excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition, sometimes testimony and exhibits are received only for a limited purpose; when you are given a limiting instruction, you must follow it.

(4)   Anything you may have seen or heard when the court was not in

session is not evidence.  You are to decide the case solely on the evidence received

at the trial.

## <u>JURY INSTRUCTION NO. 6</u>

<u>Direct and Circumstantial Evidence</u>

Evidence may be direct or circumstantial.  Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did.  Circumstantial evidence is proof of one or more facts from which you could find another fact.  You should consider both kinds of evidence.  The law makes no distinction between the weight to be given to either direct or circumstantial evidence.  It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night.  However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk.  Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## <u>JURY INSTRUCTION NO. 7</u>

### <u>Ruling on Objections</u>

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore that evidence. That means when you are deciding the case, you must not consider the stricken evidence for any purpose.

## JURY INSTRUCTION NO. 8

### Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe.  You may believe everything a witness says, or part of it, or none of it.

In considering the testimony of any witness, you may take into account:

(1)    the opportunity and ability of the witness to see or hear or know the things testified to;

(2)    the witness's memory;

(3)    the witness's manner while testifying;

(4)    the witness's interest in the outcome of the case, if any;

(5)    the witness's bias or prejudice, if any;

(6)    whether other evidence contradicted the witness's testimony;

(7)    the reasonableness of the witness's testimony in light of all the evidence; and

(8)    any other factors that bear on believability.

Sometimes a witness may say something that is not consistent with something else he or she said.  Sometimes different witnesses will give different versions of what happened.  People often forget things or make mistakes in what

they remember.  Also, two people may see the same event but remember it differently.  You may consider these differences, but do not decide that testimony is untrue just because it differs from other testimony.

However, if you decide that a witness has deliberately testified untruthfully about something important, you may choose not to believe anything that witness said.  On the other hand, if you think the witness testified untruthfully about some things but told the truth about others, you may accept the part you think is true and ignore the rest.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify.  What is important is how believable the witnesses were, and how much weight you think their testimony deserves.

# JURY INSTRUCTION NO. 9

## Publicity During Trial

If there is any news media account or commentary about the case or anything to do with it, you must ignore it.  You must not read, watch, or listen to any news media account or commentary about the case or anything to do with it.  The case must be decide by you solely and exclusively on the evidence that will be received in the case and on my instructions as to the law that applies.  If any juror is exposed to any outside information, please notify me immediately.

## JURY INSTRUCTION NO. 10

### Consideration of Evidence – Conduct of the Jury

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves.  Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it.  This includes discussing the case in person, in writing, by phone or electronic means, via email, via text messaging, or any internet chat room, blog, website or application, including but not limited to Facebook, YouTube, Twitter, Instagram, LinkedIn, Snapchat, or any other forms of social media.  This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial.  If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it, although I have no information that there will be news reports about this case; do not do any research, such as consulting

dictionaries, searching the Internet, or using other reference materials; and do not

make any investigation or in any other way try to learn about the case on your own.

Do not visit or view any place discussed in this case, and do not use Internet

programs or other devices to search for or view any place discussed during the trial.

Also, do not do any research about this case, the law, or the people involved—

including the parties, the witnesses or the lawyers—until you have been excused as

jurors.  If you happen to read or hear anything touching on this case in the media,

turn away and report it to me as soon as possible.

These rules protect each party's right to have this case decided only on

evidence that has been presented here in court.  Witnesses here in court take an

oath to tell the truth, and the accuracy of their testimony is tested through the trial

process.  If you do any research or investigation outside the courtroom, or gain any

information through improper communications, then your verdict may be

influenced by inaccurate, incomplete or misleading information that has not been

tested by the trial process.  Each of the parties is entitled to a fair trial by an

impartial jury, and if you decide the case based on information not presented in

court, you will have denied the parties a fair trial.  Remember, you have taken an

oath to follow the rules, and it is very important that you follow these rules.

A juror who violates these restrictions jeopardizes the fairness of these

proceedings, and a mistrial could result that would require the entire trial process

to start over.  If any juror is exposed to any outside information, please notify the

court immediately.

## <u>JURY INSTRUCTION NO. 11</u>

### <u>No Transcript Available to Jury and Taking Notes</u>

During deliberations, you will not have a transcript of the trial testimony.

Some of you have taken notes during the trial.  Whether or not you take notes, you should rely on your own memory of what is said.  Notes are only to assist your memory.  You should not be overly influenced by your notes or those of your fellow jurors.

If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case.  Do not let note-taking distract you.  When you leave, your notes should be left in the jury room.  No one will read your notes.  They will be destroyed at the conclusion of the case.

## JURY INSTRUCTION NO. 12

### Bench Conferences and Recesses

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## JURY INSTRUCTION NO. 13

### Stipulations of Fact

The parties have agreed to certain facts.  You must therefore treat these facts as having been proved:

1. Russell French incurred $802,290 in past medical expenses.

2. Paola French incurred $134,475 in past medical expenses.

3. Paola French and Russell French incurred $18,573 in funeral and burial expenses for Kenneth French.

## JURY INSTRUCTION NO. 14

### Expert Opinion

You have heard testimony from William Harmening; Bennet Omalu, M.D.; Bennet Williamson, Ph.D.; Amy Magnusson, M.D.; Liz Holakiewicz, RN; and Marianne Inouye, M.B.A., who testified to opinions and the reasons for their opinions.  This opinion testimony is allowed, because of the education or experience of these witnesses.

Such opinion testimony should be judged like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

## <u>JURY INSTRUCTION NO. 15</u>

### <u>Invoking Fifth Amendment Privilege in a Civil Case</u>

Salvador Sanchez invoked his Fifth Amendment privilege against self-incrimination and chose to not testify in response to specific questions.  You are entitled to draw an adverse inference against Salvador Sanchez based on the witness' decision to not testify, meaning you are permitted to assume the answers Salvador Sanchez would have given had he testified would have been harmful to that witness.

## <u>JURY INSTRUCTION NO. 16</u>

### <u>Section 1983 Claim – Introductory Instruction</u>

Plaintiffs bring some of their claims under the federal statute 42 U.S.C. § 1983, which provides that any person or persons who, under color of state law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

## <u>JURY INSTRUCTION NO. 17</u>

### <u>Section 1983 Claim Against Defendant in Individual Capacity –</u>

### <u>Elements and Burden of Proof</u>

In order to prevail on their Section 1983 claims against Salvador Sanchez, Plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. Salvador Sanchez acted under color of state law.

A person acts "under color of state law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance or regulation.

If you find that Plaintiffs have proved that Salvador Sanchez acted under color of state law, then your verdict should be for Plaintiffs on that claim. If, on the other hand, you find that Plaintiffs have failed to prove that Salvador Sanchez acted under color of state law, then your verdict should be for Salvador Sanchez on that claim.

# <u>JURY INSTRUCTION NO. 18</u>

## <u>Vicarious Liability – Introduction</u>

The City of Los Angeles is responsible for harm caused by the wrongful conduct of Salvador Sanchez while acting within the scope of his employment as a peace officer.

## <u>JURY INSTRUCTION NO. 20</u>

<u>Tort Liability Asserted Against Principal – Essential Factual Elements</u>

Plaintiffs Paola, Russell and Kenneth French were harmed by Salvador Sanchez's use of force against them.  Plaintiffs also claim that the City of Los Angeles is responsible for the harm because Salvador Sanchez was acting as its employee when the incident occurred.

Salvador Sanchez's use of deadly force against Paola, Russell and Kenneth French harmed them. You must decide whether the City of Los Angeles is responsible for the harm.  The City of Los Angeles is responsible if Plaintiffs prove both of the following:

1. That Sanchez was a City of Los Angeles' employee; and

2. That Sanchez was acting within the scope of his employment when he harmed Paola, Russell and Kenneth French.

## JURY INSTRUCTION NO. 21

### Scope of Employment

With respect to Paola French and Russell French's state law claims only, in order to obtain a verdict against the City of Los Angeles, they must prove that Salvador Sanchez was acting within the scope of his employment as a police officer for the City of Los Angeles when he fired the shots at Plaintiffs and Decedent.

Salvador Sanchez's acts were within the scope of his employment with the City of Los Angeles Police Department if:

(a) They are reasonably related to the kinds of tasks that Salvador Sanchez was employed to perform; or

(b) They are reasonably foreseeable in light of the Los Angeles Police Department's business or Salvador Sanchez's job as a police officer.

The liability of the City of Los Angeles extends beyond its actual or possible control of Salvador Sanchez to include risks inherent in or created by the enterprise. Salvador Sanchez need not have been engaged in an act directly benefiting the City of Los Angeles.

## JURY INSTRUCTION NO. 22

### Negligence - Recovery of Damages for Emotional Distress – Bystander –

### Essential Factual Elements

Plaintiff Paola French claims that she suffered serious emotional distress as a result of perceiving the injuries to Russell French and the death of their son, Kenneth French.

Plaintiff Russell French claims that he suffered serious emotional distress as a result of perceiving the injuries to Paola French and the death of their son, Kenneth French.

To establish their negligent infliction of emotional distress claim, Plaintiffs must prove the following:

1. That when the shooting occurred, Plaintiffs were present at the scene;

2. That Plaintiffs were then aware that the shooting was causing injury to Plaintiffs and the death of Kenneth French;

3. That Plaintiffs suffered serious emotional distress; and

4. That Salvador Sanchez's conduct was a substantial factor in causing Plaintiffs' serious emotional distress.

Emotional distress includes suffering, anguish, fright, horror, nervousness, grief, anxiety, worry, shock, humiliation, and shame.

Serious emotional distress exists if an ordinary, reasonable person would be unable to cope with it.

## JURY INSTRUCTION NO. 23

### Loss of Consortium

Plaintiff Russell French claims that he has been harmed by the injuries to Paola French, and Plaintiff Paola French claims that she has been harmed by the injuries to Russell French.  If you decide that Plaintiffs have proven their claims for loss of consortium against Salvador Sanchez and the City of Los Angeles, you also must decide how much money, if any, will reasonably compensate them for loss of one another's companionship and services, including:

1.  The loss of love, companionship, comfort, care, assistance, protection, affection, society, and moral support.

Plaintiffs may recover for harm they prove they have suffered to date and for harm they are reasonably certain to suffer in the future.

For future harm, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for that harm.  This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.  No fixed standard exists for deciding the amount of these damages.  You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

Do not include in your award any compensation for the following:

1.  The loss of financial support from [name of injured spouse];

2.  Personal services, such as nursing, that Plaintiffs have provided or will
    provide to one another;

3.  Any loss of earnings that Plaintiffs have suffered by giving up
    employment to take care of one another; or

4.  The cost of obtaining domestic household services to replace services
    that would have been performed by the injured spouse.

## JURY INSTRUCTION NO. 24

### Plaintiffs' Damages

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for Plaintiffs on any of their claims, you must determine their damages.  Plaintiffs have the burden of proving damages by a preponderance of the evidence.  Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendants.  Plaintiffs do not have to prove the exact amount of these damages.  However, you must not speculate or guess in awarding damages.  The damages claimed by Plaintiffs fall into two categories, called economic damages and noneconomic damages.  You will be asked to state the two categories of damages separately on the verdict form.

You should consider the nature and extent of Plaintiffs' injuries in awarding damages.  Plaintiffs' non-economic damages include past and future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress.  No fixed standard exists for deciding the amount of these noneconomic damages.  You must

use your judgment to decide a reasonable amount based on the evidence and your common sense. To recover for future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress, Plaintiffs must prove that they are reasonably certain to suffer that future harm.

For future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress, determine the amount in current dollars paid at the time of judgment that will compensate Plaintiffs for future physical pain, mental suffering, loss of enjoyment of life, disfigurement, physical impairment, inconvenience, grief, anxiety, humiliation, and emotional distress. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to economic damages.

Plaintiffs may also recover for their economic damages, which additionally include:

1. Past medical expenses incurred;

2. The reasonable value of necessary medical care, treatment, and services that with reasonable probability will be required in the future;

3. The reasonable value of wages lost up to the present time; and

4. The reasonable value of wages that with reasonable probability will be lost in the future.

With respect to Plaintiffs' claim of excessive force against Kenneth French under the Fourth Amendment, you should also consider the following as to Decedent's damages:

1. The nature and extent of Decedent's injuries;

2. The mental, physical, and emotional pain and suffering that Decedent experienced prior to his death;

3. Loss of life; and

4. Loss of enjoyment of life.

## JURY INSTRUCTION NO. 25

### Damages (Wrongful Death)

In addition to determining Plaintiffs' damages for the violations of their own rights, if you decide that Plaintiffs have proved their claims under state law against Defendants Salvador Sanchez and/or the City of Los Angeles, you also must decide how much money will reasonably compensate Plaintiffs for their loss of Decedent Kenneth French and for the violations of Kenneth French's rights. Plaintiffs do not have to prove the exact amount of these damages. However, you must not speculate or guess in awarding damages.

In addition to claiming economic damages for the violations of their own rights, Plaintiffs claim the following economic damages for their loss of Decedent and the violation of Decedent's rights:

1.  Funeral and burial expenses; and

2.  The reasonable value of household services that Decedent would have provided.

Your award of any future economic damages must be reduced to present cash value.

Plaintiffs also claims the following noneconomic damages:

1.      The loss of Decedent's love, companionship, comfort, care, assistance, protection, affection, society, moral support; and

2.      The loss of Decedent's training and guidance.

No fixed standard exists for deciding the amount of noneconomic damages. You must use your judgment to decide a reasonable amount based on the evidence and your common sense.

For these noneconomic damages, determine the amount in current dollars paid at the time of judgment that will compensate the plaintiffs for those damages. This amount of noneconomic damages should not be further reduced to present cash value because that reduction should only be performed with respect to future economic damages.

## JURY INSTRUCTION NO. 26

### Duty to Deliberate

Before you begin your deliberations, elect one member of the jury as your presiding juror.  The presiding juror will preside over the deliberations and serve as the spokesperson for the jury in court.

You shall diligently strive to reach agreement with all of the other jurors if you can do so.  Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to their views.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not be unwilling to change your opinion if the discussion persuades you that you should.  But do not come to a decision simply because other jurors think it is right, or change an honest belief about the weight and effect of the evidence simply to reach a verdict.

## JURY INSTRUCTION NO. 27

### Communication with Court

If it becomes necessary during your deliberations to communicate with me, you may send a note through the clerk, signed by any one or more of you.  No member of the jury should ever attempt to communicate with me except by a signed writing.  I will not communicate with any member of the jury on anything concerning the case except in writing or here in open court.  If you send out a question, I will consult with the lawyers before answering it, which may take some time.  You may continue your deliberations while waiting for the answer to any question.  Remember that you are not to tell anyone—including the court—how the jury stands, whether in terms of vote count or otherwise, until after you have reached a unanimous verdict or have been discharged.

## JURY INSTRUCTION NO. 28

### Readback or Playback

If during jury deliberations a request is made by the jury or by one or more jurors for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with the lawyers that a readback should be allowed, the Committee recommends the following admonition be given in open court with both sides present:

Because a request has been made for a [readback] [playback] of the testimony of [witness's name] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot

be considered in isolation, but must be considered in the context of all the

evidence presented.

## **JURY INSTRUCTION NO. 29**

### Return of Verdict

A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror should complete the verdict form according to your deliberations, sign and date it, and advise the bailiff that you are ready to return to the courtroom.