LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo (Bar No. 144074)
dalekgalipo@yahoo.com
Eric Valenzuela (Bar No. 284500)
evalenzuela@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone: (818) 347-3333
Facsimile: (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAOLA FRENCH and RUSSELL FRENCH, in each case individually and as a successor-in-interest to Kenneth French, deceased,<br><br>Plaintiffs,<br><br>vs.<br><br>CITY OF LOS ANGELES; SALVADOR SANCHEZ, in his official capacity,<br><br>Defendants. | Case No. 5:20-cv-00416-JGB-SP<br><br>[*Honorable Jesus G. Bernal*]<br><br>**DECLARATION OF ERIC VALENZUELA IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS FEES**<br><br>Date: February 25, 2022<br>Time: 9:00 a.m.<br>Crtrm: 1 |

## DECLARATION OF ERIC VALENZUELA

1. I, Eric Valenzuela, hereby declare as follows:

2. I am an attorney duly admitted to practice before this honorable court and I am one of the attorneys of record in the instant matter. I have personal knowledge of the facts set forth herein, and could and would testify competently thereto if called. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees.

1  3.  I received my bachelor's degree from California State University, Los Angeles.
2  4.  I received my J.D. degree from the Southern California Institute of Law in
3  Ventura, California.  In 2010, I graduated *Magna Cum Laude* from law school.  I
4  passed the California bar exam on the first try and I was admitted to the California
5  Bar in November, 2012.
6  5.  I have over 13 years of civil rights litigation experience and received my legal
7  training from Dale K. Galipo, one of the top attorneys in the nation in the field of
8  police excessive force cases.  I began litigating civil rights cases in federal court in
9  June of 2008 as an intern for Mr. Galipo, who runs his own law firm.  Following
10 my 2008 internship at the Law Offices of Dale K. Galipo, I continued working for
11 his firm to present, where I continue to litigate civil rights police excessive force
12 cases almost exclusively.  Since being admitted to the bar in 2012, I have practiced
13 civil rights police excessive force litigation in federal and state court almost
14 exclusively as an Associate at the Law Offices of Dale K. Galipo.  I have over 13
15 years of federal court litigation experience in civil rights police excessive force
16 cases representing only Plaintiffs.  Since being admitted to the bar I have litigated
17 over 100 police misconduct cases, including numerous shooting death cases.
18 During this time, I have taken numerous depositions in civil rights excessive force
19 cases, appeared in court in excessive force cases on over a 100 occasions, the
20 majority of which were in federal court, and second-chaired multiple civil rights
21 police excessive force trials, including before this court in the case of *Young v.*
22 *County of San Bernardino*, Case No. 5:15-cv-01102-JGB-SP, all of which the
23 Plaintiffs' prevailed on their constitutional violation claims, and on four (4) of them
24 the parties obtained multi-million dollar verdicts.  I have also examined multiple
25 witnesses in federal court in civil rights cases, including police officer witnesses,
26 four witnesses in this case, including police officers and investigators and
27 percipient witnesses and witnesses in the case of *Flores/Barillas v. City of Los*
28 *Angeles*, Case No. 2:18-CV-08740-CJC-AS.

6. During my thirteen years of civil rights litigation experience, my work has directly contributed to numerous high six-figure, seven-figure settlements and multi-million dollar verdicts in civil rights police excessive force cases. In the past years some of the seven figure settlements in cases that I handled include:

- *Henning v. County of Los Angeles*, Central District of California Case No. 2:13-cv-01156-GW-JCG ($1.5 million settlement in police shooting death case);
- *Burch v. County of San Bernardino*, Central District of California Case No. 2:11-cv-06157-FMO-SP ($2.1 million settlement in shooting case);
- *Herrera v. Tustin*, Central District of California Case No. 8:12-cv-01547-JLS-RNB ($1,400,000 settlement in police shooting death case);
- *Opsitnick v. City of Long Beach*, Central District of California Case No. 2:14-cv-09370-PLA ($2,000,000 settlement in police shooting death case);
- *Sanchez v. City of El Monte*, Central District of California Case No. Case No. 2:17-cv-03235-GW-AJW ($1,900,000 settlement in police shooting death case);
- *Weber v. County of Los Angeles*, Central District of California Case No. 2:18-cv-03684-FMO-AGR ($3,750,000 settlement in police shooting death case of minor); and
- *Pimental v. City of Stockton*, Eastern District of California Case No. 2:17-cv-00931-WBS-AC ($1,200,000 settlement in police asphyxia death case).

7. During my over nine years as a licensed attorney practicing almost exclusively civil rights police excessive force cases and litigation experience, my work has directly contributed to 4 jury verdicts that I second-chaired, including *Ramirez v. Oxnard*, Case No. 2:13-cv-01615-MWF-AN, *Young v. San Bernardino County*, Case No. 5:15-cv-01102-JGB-SP (before this court), *Herrera v. City of Los Angeles*, Case No.2:16-cv-02719-DSF-SK and the instant case.

I have also examined numerous witnesses in federal court excessive force death cases including police officers, investigators and percipient witnesses.

8. In the past over 9 years I have briefed numerous police excessive force cases that were appealed before the Ninth Circuit including, but not limited to *Brenes v. LVMPD*, Case No. 14- 16939, police shooting death; *Holloway v. City of Pasadena* (2x), Case No. 15-56770, police shooting; *Isayeva v. County of Sacramento*, Case No. 15-17065, police shooting death: *Newmaker v. City of Fortuna*, Case No. 14-15098, police shooting death; and *A.K.H. v. City of Tustin*, Case No. 14-55184, police shooting death) multiple of which went on to become published opinions, such as the *A.K.H.* and the *Newmaker* cases. These published opinions have created beneficial law for the plaintiffs' bar in the area of civil rights excessive force and are routinely cited. Further, I have also argued multiple civil rights police excessive force cases before the Ninth Circuit. My appellate work typically concerns challenging, nuanced, and complex issues in police excessive force jurisprudence.

9. I have worked at Mr. Galipo's firm longer than any other current employee, and I typically handle complex and factually difficult excessive force cases that involve novel issues of law.

10. I have worked on this case since our firm was first retained by the Plaintiffs back in June of 2019, until present. I worked on this case since the beginning, including the drafting of the claims, the various complaints, opposing four (4) dispositive motions, assisting with depositions, preparing Plaintiffs and witnesses for deposition and trial, deposing witness Regina Boladian (served meat samples to both Sanchez and Plaintiffs right before shooting), drafting discovery requests and responses, researching various legal issues, working with the retained experts, especially, the police practices experts, the forensic pathologist and computer animation experts, preparing the case for trial, drafting the pretrial documents, including the exhibit and witness list, jury instructions, pretrial conference order,

etc. and I examined four (4) of the witnesses at trial including police officers and investigators from the Corona Police Department, and percipient witnesses to the incident. I also contributed to opposing Defendants' numerous post trial motions.

11. After prevailing at trial (in a case tried in Los Angeles) in a different civil rights excessive force death case, I received a court-awarded hourly rate of $350 in September of 2015. A true and correct copy of the Court's Order awarding my previous attorney fee award is attached hereto as Exhibit "A". In April of 2016, I received another court-awarded hourly rate of $350 (after a discovery dispute resolved in Riverside Federal Court). A true and correct copy of the Court's Order awarding my previous attorney fee is attached hereto as Exhibit "B". Moreover, after prevailing at trial before this Court in a civil rights excessive force shooting case (*Young v. San Bernardino County*, Case No. 5:15-cv-01102-JGB-SP) in December of 2016, I submitted my attorney hours to defense counsel at $400 an hour and the defendants paid this hourly rate after all the involved attorneys took a reduction in the amount of hours worked on the case (not a reduction in the hourly rate claimed by the involved attorneys) to settle the case. Since my first attorney fee award of $350 an hour back in September of 2015, I have worked almost exclusively on numerous civil rights excessive force cases, most of them being shooting death cases, I have second-chaired more trials (all of which Plaintiffs prevailed), I have taken numerous depositions, including of police officers (including defendant shooting police officers), of experts and medical examiners and percipient witnesses and I have successfully opposed numerous motions for summary judgment, I have briefed multiple appeals, I have argued before the Ninth Circuit on multiple occasions and I have make countless court-appearances, Including oral arguments for motions. I have also examined several witnesses in police shooting death cases in federal court, including in this case. During my prior attorney fee awards, I had second chaired in the trial but had not examined witnesses as I did in this case and in a prior case.

12. Many of the Plaintiffs and witnesses in civil rights police excessive force cases are Spanish-speaking only, and I am the only attorney at Galipo's firm that speaks fluent Spanish. I have conducted multiple mediations and settlement conferences with no other attorney present (with results of close to a million dollars or over a million dollars).

13. From June of 2008 to the present, I have been continuously trained by Mr. Galipo. As is evidenced by the declarations in support of Mr. Galipo's fee request in this case, Mr. Galipo is widely-regarded as the top plaintiff's attorney for police excessive force cases in the nation. I have seen first hand that Mr. Galipo achieves extraordinary results in the most difficult police excessive force cases. His firm is one of the only firms in California that exclusively represents plaintiffs in police excessive force cases involving serious injury or death. His firm's work has vastly contributed to the development of police excessive force jurisprudence in California's four federal districts and in the Ninth Circuit Court of Appeals. Mr. Galipo is a member of the American College of Trial Attorneys and of the Inner Circle of Advocates, which is an organization comprised of the best 100 plaintiff trial lawyers in the United States. He has received numerous awards from his peers and is well regarded by defense attorneys, mediators, and judges.

14. During my thirteen years of civil rights litigation experience, I have become experienced in legal writing. At the trial court level, I routinely draft pleadings, draft and respond to dispositive motions, draft and respond to discovery motions, draft and respond to post-trial motions, and draft and respond to miscellaneous and specialized written applications, such as *ex parte* applications, petitions to compromise minors' claims, and petitions to deem interlocutory appeals frivolous. I also routinely research and draft all merits briefing in the federal court of appeal and I conduct all motion practice at the appellate level. I am experienced also at taking police officer depositions as well as taking and defending witness and expert depositions, which I have done in several cases. I also have examined numerous

1  witnesses during trial in police excessive force cases, such as in this case.  I conduct
2  and respond to all forms of discovery.  I also routinely represent clients in
3  mediation, settlement, and ADR proceedings and I regularly appear in court for
4  hearings on both procedural and substantive matters. My conservative estimate,
5  given the approximate over 100 police excessive force cases that I have litigated in
6  the past over 9 years, is that I have appeared in court on over a 100 occasions
7  during this time, excluding trials and appellate arguments. Of these over 100
8  appearances in police excessive force cases, I estimate that majority of these
9  appearances were in federal court.
10  15.  I am admitted, or have been admitted to practice law in the Central, the
11  Eastern, the Northern and Southern Districts of California, the United States
12  District Court for the District of Colorado, New Mexico District Court, Connecticut
13  District Court, the United States District Court for the District of Nevada (Las
14  Vegas) as well as in Nevada state court (both *pro hac vice*), the United States
15  District Court for the Eastern District of Arizona (*pro hac vice*), and the Ninth
16  Circuit Court of Appeals.
17  16.  I am one of the attorneys primarily responsible for the day-to-day litigation of
18  this case along with Renee V. Masongsong.  I helped draft all of Plaintiffs' law and
19  motion, responded to all of Defendants' law and motion, propounding and
20  responding to discovery and all of Plaintiffs' pretrial documents in this case.  A true
21  and correct copy of my billing statement for this matter is attached hereto as
22  Exhibit "C".
23  17.  My work in this case relied significantly upon the comments and contributions
24  of my co-counsel, Mr. Galipo and Renee V. Masongsong.  I rarely filed or served
25  any correspondence or law and motion that was not first reviewed and revised by
26  Mr. Galipo and/or Renee V. Masongsong.  The arguments contained in the
27  pleadings and discovery responses reflect the outcome of focused and substantive
28  conversations with both Mr. Galipo and Renee V. Masongsong (though not always

together) as to case strategy and legal jurisprudence.

18. My billing statement does not reflect any work performed by paralegals or other assistants supporting me. My billing statement does not include time spent performing purely administrative tasks such as filing, organizing, or preparing copies of documents. My billing statement also does not include tasks that only took a small amount of time such as conversations with defense counsel, the majority of the emails sent to defense counsel, and reviewing the Court's orders which were only a few pages.

19. I was personally involved in the work set forth in my billing statement, and I can personally attest that it has been reasonably expended in pursuit of the litigation.

20. The number of hours claimed in my billing statement for this action is reasonable and well-documented. I kept contemporaneous time records for the work I performed in this case. I conducted only that research, drafting and other work as was necessary. Other expenses were kept to a minimum.

21. The litigation in this case was always aggressively opposed by the Defendants. In comparison with the approximate over 100 civil rights cases that I have litigated over the past nine years, this case ranks among the most unique as far as the time, energy, and amount of work required to prosecute Plaintiffs' claims and respond to defense counsel's law and motion, mainly because Sanchez was off duty at the time of the shooting and the City denied all course and scope and color of law allegations. Especially, opposing the motions to dismiss and the motion for summary judgment and the motion for a new trial, which required reviewing the entire trial transcript, followed by additional briefing.

22. Plaintiffs prevailed on nearly every motion that was filed, including dispositive motions and motions in limine.

23. I am respectfully requesting an hourly of $700.00 for time and work I spent on this case. I devoted 456.4 hours to this action over the course of several years. The

total amount of fees I generated in this action is $319,480.

24. I believe that my hourly rate is reasonable and in line with those prevailing in the community for similar services by lawyers of reasonable comparable skill, experience and reputation. See Court Orders Attached as Exhibit "D" and "E".

I declare under penalty of perjury that the foregoing is true and correct. Executed this 24th day of January, 24, 2021 at Woodland Hills, California.

                        _____/s/ Eric Valenzuela_____
                                         Eric Valenzuela