LAW OFFICES OF DALE K. GALIPO
Dale K. Galipo, Esq. (SBN 144074)
dalekgalipo@yahoo.com
Renee V. Masongsong, Esq. (SBN 281819)
rvalentine@galipolaw.com
21800 Burbank Boulevard, Suite 310
Woodland Hills, California 91367
Telephone:   (818) 347-3333
Facsimile:    (818) 347-4118

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

PAOLA FRENCH and RUSSELL FRENCH, in each case individually and as a successor-in-interest to Kenneth French, deceased,

                Plaintiffs,

        vs.

CITY OF LOS ANGELES; SALVADOR SANCHEZ, in his official capacity,

                Defendants.

Case No. 5:20-cv-00416-JGB-SP

*Honorable Jesus G. Bernal*

**DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF PLAINTIFFS' MOTION FOR ATTORNEYS' FEES**

[*Notice of Motion and Motion; Declarations and d Exhibits filed concurrently herewith*]

## <u>DECLARATION OF RENEE V. MASONGSONG</u>

I, Renee V. Masongsong, declare as follows:

    1.    I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

    2.    As of this date, I have spent 457.1 hours of billable time in connection with tasks reasonably necessary to the favorable resolution of this action.

    3.    I intend to include the billable time spent in connection with any further work on this case in a separate declaration and accompanying exhibit to be included in Plaintiffs' reply to the instant motion.

    4.    I have maintained contemporaneous time records reflecting the work activity and time spent on this case. I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation. A copy of my time records for this case is attached hereto as "Exhibit 1."

    5.    I was admitted to the California Bar in December 2011, and I have been a practicing attorney for approximately ten years. I am also admitted to practice in the United States District Court for the Eastern District of California and the United States District Court for the Northern District of California.

    6.    In August 2007, I received a Bachelor of Arts in English Writing and a Bachelor of Arts in Psychology from the University of Tennessee at Chattanooga, where I graduated *Magna Cum Laude* and from the University Honors Program. In May 2011, I received a Juris Doctorate degree from Pepperdine University School of Law, where I graduated *Magna Cum Laude* and as a member of the Order of the Coif. During my

studies at Pepperdine, I was a member of the Pepperdine Law Review, the Honor Board, and Phi Delta Phi (Historian).  I was also on the Dean's list each semester and was the recipient of the Pepperdine Dean's Merit Scholarship, the Di Loreto-Odell S. McConnell Merit Scholarship, and the Delman and Krug Endowed Merit Scholarship.

7.    During my fall 2009 semester at Pepperdine University School of Law, I served as a full-time judicial extern to the Honorable Alex Kozinski in the United States Court of Appeals for the Ninth Circuit, where I analyzed the lower court record in numerous cases, conducted legal research, drafted bench memoranda, and produced bench books for oral arguments.  During the summer of 2009, I worked as a summer associate at Bradley Arant Boult Cummings LLP, where I conducted legal research, drafted interoffice memoranda in various civil defense litigation practice areas, and assisted senior attorneys in drafting briefs.  Also during the summer of 2009, I served as a judicial extern for the Honorable Karon O. Bowdre in the United States District Court for the Northern District of Alabama, where I drafted social security opinions and also gained significant training and experience by observing criminal and civil trials, hearings, and pretrial conferences.  During my spring 2010 semester at Pepperdine, I served as a Teaching Fellow to Professor Samuel Levine as part of the law school's academic support program.  My duties as a Teaching Fellow included leading review sessions, holding office hours, conducting substantive review sessions, and tutoring students for Professor Levine's Criminal Law class.  During my fall 2010 semester, I studied abroad through the Pepperdine London Program, where I participated in moot court.  Throughout my law school career, I also received a CALI Excellence for the Future Award in the following courses: Criminal Law; Civil Procedure II; Torts II; Evidence.

8.    In April 2013, I joined the Law Offices of Dale K. Galipo, where I currently work as a senior associate attorney.  Prior to joining the Law Offices of Dale K. Galipo, I was an associate attorney at the law firm Gibson, Dunn and Crutcher.  During the past

approximate nine years at the Law Offices of Dale K. Galipo, I have worked almost
exclusively on civil rights cases, the majority of which involved police uses of force
resulting in death or great bodily injury.  Over the last approximate nine years, I have
been the primary associate attorney at my office responsible for the day-to-day matters
of over approximately eighty-five state and federal civil rights cases and have also
assisted my colleagues on approximately forty additional civil rights cases that were not
specifically assigned to me.  I am currently responsible for the day-to-day management
of approximately twenty civil rights cases.

During my time at the Law Offices of Dale K. Galipo I have performed the
following work:

a) I have conducted in excess of approximately ninety (90) depositions,
including depositions of patrol officers, sheriff's deputies, custodial
officers, SWAT officers, persons most knowledgeable ("PMK"),
paramedics, firefighters, nurses, a medical examiner, civilian witnesses, and
defense experts in various fields.  I have also defended numerous
depositions, including depositions of our clients and our clients' retained
police practices, forensic, medical, and ballistics experts.  I have also
retained and consulted with numerous experts, including medical experts,
psychological experts, police practices experts, video experts, and ballistics
experts.

b) I have also handled numerous mediations and settlement negotiations, many
of which resulted in successful settlements for our clients.

c) I have drafted in excess of approximately: one hundred (100) complaints;
thirty-one (31) oppositions to motions for summary judgment; five (5)
affirmative motions for summary judgment; eighteen (18) applications to
compromise the claims of minor plaintiffs; and six (6) appellate briefs to
the Ninth Circuit,.  The Ninth Circuit opinion in the matter *Villanueva, et*

*al. v. State of California, et al.*, a case where I drafted the briefs, was selected for publication in January 2021.  I have also routinely drafted and argued numerous oppositions to motions to dismiss pleadings, oppositions to motions to stay cases, and state court motions appealing the denial of an application to file a late claim under the California Tort Claims Act.  I have also argued oppositions to motions for summary judgment in front of the United States District Court for the Eastern and Central Districts of California and handled discovery disputes, in addition to making court appearances at numerous hearings and conferences.

d) I have also drafted the pre-trial documents in approximately twenty-six (26) cases going to trial, including motions *in limine*, motions to bifurcate, verdict forms, exhibit lists, witness lists, proposed pretrial conference orders, memoranda of contentions of fact and law, trial briefs and jury instructions.  I have served as second or third chair in six trials and I have examined witnesses at trial.  I have also drafted and opposed post-trial motions in this case and in prior cases.

e) Within the last approximate five years, attorneys more experienced than myself have sought out my consultation on their own police use-of-force cases, and I have provided consultation regarding legal research in this area of law, propounding written discovery in this area of law, and opposing dispositive motions.

9.    For each of the cases assigned to me, my responsibilities include: communicating with the client on an ongoing basis; drafting the requisite claim for damages pursuant to the California Tort Claims Act; drafting the complaint for damages and ensuring that it is timely filed in the proper jurisdiction and venue; investigating the case prior to the initiation of discovery; creating the discovery plan; propounding written discovery and meeting and conferring with opposing counsel regarding any discovery

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

issues; handling all discovery disputes, including drafting motions to compel and
oppositions thereto, drafting and responding to discovery dispute letter briefs and joint
stipulations; examining the materials produced during discovery and evaluating the case;
handling all law and motion matters, including determining whether an amended
complaint must be filed and then drafting the amended complaint, opposing motions to
dismiss and motions for summary judgment and drafting affirmative motions for
summary judgment; appearing at court hearings; retaining and consulting with experts;
defending the depositions of the plaintiffs and their experts; conducting depositions of
percipient witnesses, police officers, and defense experts; making court appearances.  If
the case goes to trial, then I am also responsible for: drafting all pretrial documents and
working with opposing counsel on the joint pretrial documents; assisting with trial
preparation; serving as second or third chair to Mr. Galipo; and drafting and opposing
post-trial motions.  Where the case settles and involves a minor plaintiff, I am
responsible for drafting the compromise of the claims of the minor plaintiff and handling
the structured settlement.  I am also responsible for handling any appellate issues on the
cases assigned to me.  In the police shooting cases *Losee v. City of Chico* (2018)
*Hernandez v. City of Huntington Beach* (2019), I drafted the appellants' opening and
reply briefs and assisted with the preparation for the oral arguments.  The Ninth Circuit
overturned the district court's ruling in both the *Losee* case and the *Hernandez* case in
favor of my clients.  I also drafted the answering brief in the case *Villanueva, et al. v.
State of California*, wherein the Ninth Circuit affirmed the lower court's denial of
summary judgment in favor of my client and selected the opinion for publication in
January 2021. I have also drafted a successful motion to dismiss a Ninth Circuit appeal
from the lower court's denial of qualified immunity.

    10.    Over the past nine years as a civil rights attorney, I have been the day-to-
day attorney in cases with Mr. Galipo that have resulted in seven-figure verdicts and
settlements, including the following:

- $2.8 million settlement in *Martinez v. County of Los Angeles* (police shooting), (April 2016);

- $1.1 million settlement in *Mueller v. County of Orange* (police shooting), (March 2017);

- $2 million settlement in *Powell v. City of Barstow* (police shooting), (May 2017);

- $1.9 million settlement in *L.R. v. County of Riverside* (police shooting), (May 2017);

- $1.9 million settlement in *Lozano v. County of San Bernardino* (denial of medical attention) (January 2018);

- $2.75 million settlement in *Briones v. City of Ontario* (excessive force/asphyxiation), (June 2018);

- $4.6 million settlement in *C.M. v. County of Los Angeles* (police shooting), (August 2018);

- $1.45 million settlement following jury verdict on liability in *Hernandez v. City of Los Angeles* (excessive force/restraint asphyxiation, no offer) (February 2018);

- $8.5 million settlement in *Vivas v. County of Riverside* (police shooting) (August 2019);

- $4.5 million jury verdict in *L.D. v. City of Los Angeles* (excessive force/police shooting; no offer) (January 2020);

- $4.65 million settlement in *Franco v. City of West Covina* (police shooting) (February 2020);

- $1 million settlement in *Ramirez v. City of Gilroy* (police shooting) (July 2020);

- $2 million settlement in *Biane v. County of San Bernardino* (malicious prosecution) (November 2020);

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

- $1.15 million settlement in *Soderberg v. City of Los Angeles* (police shooting) (December 2020)
- $1.7 million jury verdict in *Bowles v. City of San Jose* (police shooting) (July 2021);
- $17.2 million verdict in *French v. City of Los Angeles* (police shooting) (October 2021)

11.    In addition to the foregoing cases, have also been the day-to-day attorney in numerous cases with Mr. Galipo that have settled for substantial six-figure awards, including the following:

- $600,000 settlement in *Rubalcava v. County of Los Angeles* (police shooting) (July 2015);
- $600,000 settlement in *E.S. v. City of Visalia* (police shooting) (January 2016);
- $938,000 settlement in *A.F. v. County of Riverside* (police shooting and use of K-9) (November 2017);
- $950,000 settlement in *Losee v. City of Chico* following a successful appeal to the Ninth Circuit (police shooting) (December 2018);
- $650,000 settlement in *Ranero v. County of San Bernardino* (police shooting) (May 2019);
- $600,000 settlement in *Perez v. County of Los Angeles* (police shooting) (May 2019);
- $975,000 settlement in *Dockery v. County of San Bernardino* (police shooting) (August 2021)
- $815,000 settlement in *Herd v. City of Fontana and State of California* (police shooting) (September 2021);
- $995,000 settlement on the jury verdict in *Gomez v. City of Santa Clara* (police shooting) (January 2022).

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

12.    Since our office began looking at this case in June 2019 and up until the present date, I have been one of two associate attorneys handling the day-to-day management of this case, along with Mr. Valenzuela.  Mr. Valenzuela and I frequently collaborated on law and motion and discovery issues.  As reflected in detail on my timesheet attached hereto as "Exhibit 1," my work on this case includes the following:

a.    Maintaining continued communication with our clients and obtaining, organizing, and reviewing client documents.

b.    Drafting the California Tort Claim and the case-initiating pleadings along with Mr. Valenzuela, including the initial complaint for damages and subsequent amended complaints.

c.    Conducting legal research (particularly with respect to color of law and course and scope issues) and preparing law and motion, including opposing Defendants City's motion to dismiss, motion for judgment on the pleadings, motion for summary judgment, and motion for judgment as a matter of law, or in the alternative, for a new trial.

d.    Handling fact discovery, including working with counsel and staff to develop Plaintiffs' discovery plan, drafting written discovery and responses thereto, reviewing the voluminous materials produced by Defendants in discovery, including several hours of videos and hundreds of pages of police reports, researching LAPD policies with respect to off-duty officers, assisting with depositions, and reviewing Plaintiffs' voluminous medical records and employment records.

e.    Handling expert discovery, including retaining and consulting with Plaintiffs' medical experts, expert life care planner, and expert economist; making Plaintiffs' initial and rebuttal expert disclosures; maintaining communication with Plaintiffs' experts throughout the case.

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

f.   Preparing the pretrial documents along with Mr. Valenzuela, including the motions *in limine*, Plaintiffs' proposed jury instructions and objections thereto, Plaintiffs' proposed verdict form, the statement of the case, the exhibit list, the witness list, proposed voir dire questions, the memorandum of contentions of fact and law, the proposed pretrial conference order, and the index of deposition testimony of Salvador Sanchez to be admitted at trial.

g.   Preparing the case for trial, including: conducting a detailed review of the deposition transcripts, police reports, transcripts of initial interview recordings, and videos; making video clips and clips of deposition testimony; preparing exhibits and other materials for trial; engaging in strategy meetings with the clients and Plaintiffs' counsel; working with Plaintiffs' retained experts; revising the jury instructions and verdict form.

h.   Assisting Mr. Galipo at trial.

i.   Handling post-trial issues, including Plaintiffs' opposition to Defendant City's post-trial motion and the instant motion for attorneys' fees.

13.   A reasonable fee for my professional services during the time that I worked on this matter is $600 per hour.  As a result of my experience, I believe this rate is in line with the hourly rates charged by attorneys of equivalent experience, skill, reputation, and expertise for comparable work.

14.   Two years ago, I assisted Mr. Galipo in trying the case *L.D. v. City of Los Angeles*, in January 2020, in front of the Honorable Philip Gutierrez. The *L.D.* case was a very difficult police shooting case involving the use of force by LAPD SWAT officers against a young man who was having a mental crisis in his own bedroom.  In that case, the defendants made no settlement offer. The jury awarded the plaintiffs in that matter

$4.5 million at trial, and Judge Gutierrez awarded me an hourly rate of $550 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988 for my work on the case.  A true and correct copy of Judge Gutierrez's April 23, 2020, Order awarding me $550 per hour is attached hereto as **"Exhibit 2."**

15.    Since the time that I was awarded an hourly rate of $550, I have gained almost two years of experience as a civil rights attorney.  I believe that my requested hourly rate of $600 is reasonable and in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation. In *Smith v. County of Riverside*, No. EDCV 16-227 JGB (KKx), 2019 WL 4187381, at *4,*7 (C.D. Cal. June 17, 2019), which was a § 1983 police shooting case, a judge sitting for the Eastern District of California awarded an attorney with nine years of experience but no prior civil rights litigation experience an hourly rate of $480 per hour. The *Smith* case supports my request for an hourly rate of $600 because unlike the nine-year attorney in *Smith*, who had no prior civil rights litigation experience, I am a ten-year attorney with approximately nine years of civil rights litigation experience.  *See also Avila v. Los Angeles Police Dep't*, No. CV 11-01326 SJO (FMOx), 2012 WL 12894470, at *7 (C.D. Cal. Aug. 2, 2012), aff'd, 758 F.3d 1096 (9th Cir. 2014) (awarding associate attorneys up to $550 per hour for § 1983 litigation in 2012); *Dugan v. Cty. of Los Angeles*, 2014 WL 12577377, at *3 (C.D. Cal. Mar. 3, 2014) (awarding $650 per hour for an attorney with no civil rights experience for excessive force and wrongful arrest case); *Restivo v. Nassau County*, No. 06-CV-6720(JS)(SIL), 2015 WL 7734100, at *3 (E.D. N.Y. Nov. 30, 2015), affirmed 846 F.3d 547 (2d Cir. 2017), cert. denied 138 S. Ct. 644 (Mem) (awarding $500 per hour for an attorney with nine years of experience, primarily in civil rights litigation based off of New York City rates in long and complex wrongful conviction litigation)[1]; *Charlebois v. Angels Baseball LP*, 993 F.

---

[1] Information on Attorney Anna Benvenutti Hoffman was obtained through outside research but is not provided in the court's decision.

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES

Supp. 2d 1109, 1118 (C.D. Cal. 2012) (awarding $500 per hour for an attorney with six years of experience in 2012 in an ADA case).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct. Executed this 24th day of January 2022 in Woodland Hills, California.

*/s/     Renee V. Masongsong*

Renee V. Masongsong

DECLARATION OF RENEE V. MASONGSONG IN SUPPORT OF MOTION FOR ATTORNEYS' FEES