**FILED**

OCT 16 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAOLA FRENCH; RUSSELL FRENCH,<br><br>    Plaintiffs-Appellees,<br><br> v.<br><br>CITY OF LOS ANGELES,<br><br>    Defendant-Appellant,<br><br> and<br><br>SALVADOR SANCHEZ, in his official capacity and in his individual capacity; DOES, 1-10, inclusive,<br><br>    Defendants. | No.   22-55571<br><br>D.C. No.<br>5:20-cv-00416-JGB-SP<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Jesus G. Bernal, District Judge, Presiding

Argued and Submitted August 15, 2023
Pasadena, California

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

The City of Los Angeles appeals from the district court's denial of the City's

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

motion for a new trial and renewed motion for judgment as a matter of law. Because the parties are familiar with the facts, we do not recount them here. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

    1.  The City argues that the district court prejudicially erred by excusing Sanchez from testifying on the expectation that he would validly invoke the Fifth Amendment privilege against self-incrimination as to any question asked. Such so-called "blanket" invocations of the Fifth Amendment are disfavored in both criminal and civil contexts; the general rule is that a witness must invoke the privilege in response to each question asked. *See United States v. Pierce*, 561 F.2d 735, 741 (9th Cir. 1977). Even so, we have recognized a narrow exception in the criminal context where "the court, based on its knowledge of the case and of the testimony expected from the witness, can conclude that the witness could legitimately refuse to answer essentially all relevant questions." *United States v. Tsui*, 646 F.2d 365, 368 (9th Cir. 1981) (internal quotations and citations omitted). It is an open question in our Circuit whether there is a similar narrow exception to the general rule in civil cases.

    In civil cases, unlike in criminal cases, a trial court can permit the jury to make an adverse inference from a witness's invocation of the Fifth Amendment privilege against self-incrimination in some circumstances. An adverse inference simply means that the jury, when so instructed by a judge, is allowed to assume

that a witness's refusal to answer a question indicates that the actual answer would have been harmful to the witness. In the civil context, the court must decide both (a) what specific adverse inference the jury can draw, and (b) whether to allow the adverse instruction. The court makes both decisions on a question-by-question basis. *See Doe ex rel. Rudy-Glanzer v. Glanzer*, 232 F.3d 1258, 1264–65 (9th Cir. 2000). A court's decision to allow an adverse inference in response to a witness's invocation of the privilege against self-incrimination thus assumes that the witness first invoked the privilege on a question-by-question basis. *See id.*

In a civil case, completely excusing a witness from testifying based on a blanket invocation of the privilege could interfere with the proper drawing of an adverse inference on a question-specific basis. Here, however, the district court essentially conducted the question-by-question invocation "on paper" for the purpose of allowing the jury to draw adverse inferences on a question-specific basis. The district court allowed the City to submit a list of questions to which Sanchez had invoked the privilege in his previous deposition. The district court then granted the City's request for an adverse inference instruction to the jury as to every question on that list. The district court also allowed the parties to play portions of the video deposition at trial, and the district court instructed the jury to treat the video deposition as Sanchez's live testimony.

We need not decide whether the district court abused its discretion in

excusing Sanchez from testifying under these circumstances, because even if the district court erred, the error "did not materially affect the verdict." *Barranco v. 3D Sys. Corp.*, 952 F.3d 1122, 1127 (9th Cir. 2020) (citation omitted). The parties agreed to admit video of Sanchez's deposition testimony. At the hearing on Sanchez's request to be excused from testifying on the witness stand, the City primarily argued that the deposition video was insufficient because the jury could better assess Sanchez's credibility through live testimony. When the district court rejected that argument, the City also noted that "depositions obviously only cover certain questions." Although that statement suggests the City would have asked Sanchez more questions at trial, the City did not identify to the district court any additional questions it would have asked Sanchez. Further, when the court gave the City the opportunity to submit a list of questions from which an adverse inference could be drawn, the City did not ask to add any new questions or press for any additional adverse inferences. And during closing, the City used Sanchez's invocations in his video deposition to make the very arguments it insisted it would have made if Sanchez had given live testimony—*i.e.*, that his invocations in response to questions about his conduct demonstrated he was not acting within the course and scope of his employment. Although the City argues on appeal that it should have been permitted to pursue different lines of questioning, the City declined to make these arguments in the district court. *See In re Mortg. Elec.*

4

*Registration Sys., Inc.*, 754 F.3d 772, 780 (9th Cir. 2014) ("[A]rguments not raised in the district court will not be considered for the first time on appeal."). Given these circumstances, even assuming that the court erred, any such error was harmless.

  2. The district court did not err in allowing a scope-of-employment jury instruction based on California Civil Jury Instruction (CACI) No. 3720. Under California's scope of employment rule, "[a] nexus must exist between the employment and the tort if the employer is fairly to be held liable." *Xue Lu v. Powell*, 621 F.3d 944, 948–49 (9th Cir. 2010). The California Supreme Court has interpreted the scope of employment "broadly under the respondeat superior doctrine." *Farmers Ins. Grp. v. County of Santa Clara*, 11 Cal. 4th 992, 1004 (1995) (collecting cases). We have recognized that California's scope of employment rule is significantly broader than the traditional rule. *See Xue Lu*, 621 F.3d at 948. Moreover, California appellate courts repeatedly have cited CACI 3720 as a correct statement of California law, and the California Supreme Court has declined to review those opinions. *See, e.g.*, *Baptist v. Robinson*, 49 Cal. Rptr. 3d 153, 160–62 (Ct. App. 2006); *Fitzgibbons v. Integrated Healthcare Holdings, Inc.*, No. G048413, 2015 WL 1954643, at *10 (Cal. Ct. App. Apr. 30, 2015), *as modified on denial of reh'g* (May 29, 2015). Accordingly, the district court did not err in approving a jury instruction that relied on CACI 3720's long-ratified

language.[1]

3. The district court did not err in denying the City's renewed motion for judgment as a matter of law because substantial evidence supports the jury's conclusion that Sanchez was acting within the scope of his employment when he shot the Frenches. "A renewed motion for judgment as a matter of law is properly granted only if the evidence, construed in the light most favorable to the nonmoving party, permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1066 (9th Cir. 2016) (internal quotations and citations omitted). Here, Sanchez used a personal weapon and holster, was in civilian clothes, and was off-duty and out of his duty area. But Sanchez also self-identified as a police officer on the scene, told first responders that he thought he was responding to an active shooter, testified that he relied upon his police training, used ammunition issued by the Los Angeles Police Department, and was allowed to carry a concealed weapon and high-capacity magazine off-duty without a permit by virtue of his employment with the Los Angeles Police Department. Construed in the light most favorable to the Frenches, this evidence and the remainder of the record does not permit only one reasonable conclusion contrary to the jury's verdict that Sanchez acted within

---

[1] For this reason, we also decline the City's invitation to certify the question to the California Supreme Court, as we have little doubt that the California Supreme Court would uphold CACI 3720 as a correct statement of the law.

the scope of his employment.

**AFFIRMED.**