FILED

NOV 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PAOLA FRENCH; RUSSELL FRENCH, <br><br>　　　　Plaintiffs-Appellees, <br><br> v. <br><br> CITY OF LOS ANGELES, <br><br>　　　　Defendant-Appellant, <br><br> and <br><br> SALVADOR SANCHEZ, in his official capacity and in his individual capacity; DOES, 1-10, inclusive, <br><br>　　　　Defendants. | No.   22-55571 <br><br> D.C. No. <br> 5:20-cv-00416-JGB-SP <br> Central District of California, Riverside <br><br> ORDER |

Before: WARDLAW, CHRISTEN, and SUNG, Circuit Judges.

　　The Memorandum filed on October 16, 2023, Dkt. Entry 49, is amended as follows:

1. On slip opinion page 5, starting at line 5, replace <Under California's scope of employment rule, "[a] nexus must exist between the employment and the tort if the employer is fairly to be held liable." *Xue Lu v. Powell*, 621 F.3d 944, 948–49 (9th Cir. 2010).> with <Under California's scope of employment rule, the employee's tortious conduct must have "a causal nexus to the employee's work." *Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 12 Cal. 4th 291, 297 (1995). "The nexus required for respondeat superior liability—that the tort be engendered by or arise from the work—is to be distinguished from 'but for' causation," and the California Supreme Court "[has] used varied language to describe the nature of the required additional link (which, in theory, is the same for intentional and negligent

    torts): the incident leading to injury must be an 'outgrowth' of the employment; the risk of tortious injury must be 'inherent in the working environment' or 'typical of or broadly incidental to the enterprise [the employer] has undertaken.'" *Id.* at 298 (internal citations omitted) (second alteration in original).>.

2. On slip opinion page 5, starting at line 12, delete <We have recognized that California's scope of employment rule is significantly broader than the traditional rule. *See Xue Lu*, 621 F.3d at 948.>.

With these amendments, the panel has voted to deny the petition for panel rehearing and the petition for rehearing en banc.

The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35.

The petition for panel rehearing and the petition for rehearing en banc are DENIED. No further petitions for rehearing will be accepted.