# DECLARATION OF DALE K. GALIPO

I, Dale K. Galipo, declare as follows:

1. I am an attorney duly licensed to practice law in the State of California and the United States District Court for the Central District of California. I make this declaration in support of Plaintiffs' Motion for Attorneys' Fees on Appeal. I have personal knowledge of the facts contained herein and could testify competently thereto if called.

2. I have continued to maintain contemporaneous time records reflecting the work activity and time spent on this case. I have exercised billing judgment, and I have reduced or written off unproductive time or other time that would not ordinarily be charged to a fee-paying client. I personally performed the work attributed to me in this billing statement and can personally attest that the hours I spent on this case have been reasonably expended in pursuit of litigation.

3. I graduated with a B.B.A. from the University of Michigan in Ann Arbor, Michigan in 1981. I attended law school at UCLA from 1981 to 1984.

4. Since 1991, I have managed my own law firm originally specializing in major personal injury and wrongful death cases, and criminal defense. Due to my experience in personal injury law and criminal defense law, and my significant trial experience, prosecuting civil rights actions involving police misconduct causing serious injury or death was a natural transition for me. I have specialized in handling police misconduct civil rights litigation for over twenty years, and I take on very difficult liability cases that require extensive expertise in this area of law.

5. I have obtained numerous recognitions for my work in civil rights during my lengthy career, including receiving the Defender of the Constitution Award in 2012 from the Inland Empire Chamber of the Federal Bar Association.

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

6.        I have also been elected as a "Super Lawyer" every year since the year 2013.

7.        In 2020, I received the "Trial Lawyer of the Year" award from the Consumer Attorneys Association of Los Angeles ("CAALA").  Prior to being awarded CAALA Trial Lawyer of the Year 2020, I was recognized by CAALA in 2018 and 2019 for my trial successes and nominated for Trial Lawyer of the Year in each of those years in which I finished as runner up.

8.         Also in 2020, I received the "2020 Consumer Attorney of the Year" award from the Consumer Attorneys of California ("CAOC").  CAALA selected me to speak on the Masters' Panel in August 2019, in recognition of my skill and accomplishments as a trial attorney. There were approximately eight hundred attorneys present for the presentation, which took place in Las Vegas, Nevada at the CAALA annual convention. I also recently taught at the CAALA 2023 Plaintiffs Trial Academy from June 5 to June 7, 2023, and I spoke on jury selection at the CAALA conference in Las Vegas on September 1, 2023.  In May 2023, I taught a course for twelve hours over two days to a group of civil rights attorneys regarding litigating a civil rights case through trial.

9.        In 2019, I was selected to the Inner Circle of Advocates, considered to represent the top one hundred civil plaintiff's attorneys in the United States. I am currently an active member of the Inner Circle. There are only approximately fourteen active members in the entire state of California, including such prominent plaintiff attorneys as Bruce Broillet, Brown Greene, Lawrence Grassini, and Brian Panish.

10.        Also in 2019, I was elected as a Fellow of the American College of Trial Lawyers, which is recognized as the preeminent organization of trial lawyers in North America, dedicated to maintaining and improving the standards of trial practice, professionalism, ethics, and the administration of justice.

11.        I was chosen by UCLA School of Law to give the Irving H. Green Memorial Lecture to students and faculty in 2019. Irving H. Green was a much-honored trial attorney known for representing the underdog in courts across the county. In honor of his memory,

2                    Case No. 5:20-cv-00416

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

the Green family created a program designed to bring outstanding trial lawyers to inspire law students and engage in an exchange with them. Past attorneys who have been honored with this recognition include Johnnie Cochran, Jr.

12. In the approximate last six years, I have prevailed in approximately twenty-eight jury trials. Twenty-six of the jury trials were civil rights cases. Two of the trials were criminal cases in which there was a related civil rights case where the plaintiff was shot by the police and then charged with various crimes, including assault with a deadly weapon and resisting by force. The majority of my cases settle, and it should be noted that in the majority of my trial success, there was little to no offer of settlement prior to trial. In other words, these jury verdicts were achieved in some of my most difficult cases.

13. In addition to my jury verdicts that I cited in my declaration in support of Plaintiffs' attorney fee motion in this case (Dkt. No. 145-2, filed January 24, 2022), I have achieved the following additional seven-figure verdicts:

- $4.5 million jury verdict in *Ramos v. County of San Bernardino* (police shooting) (April 2022)
- $2,165,000 jury verdict in *V.V. v. City of Los Angeles* (police shooting) (July 2022)
- $1,000,000 jury verdict (reduced by contributory fault) in *Weick v. County of San Diego* (police shooting) (November 2022)
- $1,165,000 settlement during trial in *Cooke v. City of Los Angeles* (police shooting) (November 2022)
- $7.5 million (reduced by contributory fault) in *Alves v. County of San Bernardino* (restraint death) (April 2023)
- $10 million jury verdict in *Najera v. County of Riverside* (police shooting) (April 2023)

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

- $23.8 million jury verdict in *Murillo v. City of Los Angeles* (police shooting) (August 2023)
- $13.5 million jury verdict in *Zelaya v. City of Los Angeles* (restraint death) (October 2023)

14.    In approximately the last ten years, I have had approximately fifteen published opinions in civil rights cases, and I have argued numerous appellate cases before the Ninth Circuit Court of Appeals.  Since December 2019, I have argued seven cases before the Ninth Circuit, several of which resulted in published opinions, including:

- *Adame v City of Surprise*
- *Horton v City of Santa Maria*
- *Najera v County of Riverside*
- *Russell v County of Orange*
- *Tabares v City of Huntington Beach*
- *Villanueva v State of California*
- *Valenzuela v. City of Anaheim*

15.    Courts within this district have consistently recognized me as one of the top civil rights attorneys in the area of police misconduct in Los Angeles. *See, e.g., Valenzuela v. City of Anaheim*, No. SACV1700278CJCDFMX, 2023 WL 2249178, at *3 (C.D. Cal. Feb. 23, 2023) (adopting prior finding in *Craig* that a 2022 rate of $1200 "was reasonable for Mr. Galipo's work over the past three years, pointing to Mr. Galipo's strong reputation with the legal community, his continued consistent record of success with over $85 million in recovery in civil rights cases since 2019, and multiple courts that awarded him $1,100 hourly rates as early as 2020."); *Craig v. Cnty. of Orange*, Case No. SACV 17-00491-CJC (KESx), Dkt. 280, at 5-6 (awarding Mr. Galipo an hourly rate of $1,200 because "[w]hen it comes to police excessive force cases, Mr. Galipo continues to be without question at the top of his field."); *Donastorg v. City of Ontario*, Case No. EDCV 18-992 JGB (SPx), 2021 WL 6103545, at *8 (C.D. Cal. Sept.

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

23, 2021) ("The Court agrees with the courts that have recognized that, when it comes to police excessive force cases in Los Angeles, Mr. Galipo is without question at the top of his field.") (cleaned up).

16.     This Court previously awarded me an hourly rate $1,100, in May of 2022, for work performed in 2020 and 2021.  *See* Court's Order on Attorney Fees (Dkt. No. 165 at p. 29).

17.     I have been awarded an hourly rate of $1,200 in the case *Craig v. County of Orange, supra*.  I tried the *Craig* case in 2019 in federal court before the Honorable Cormac J. Carney.  The plaintiffs prevailed, obtaining a $3.4 million-dollar jury verdict. Judge Carney awarded me $1,000 per hour in the related attorney fee motion under 42 U.S.C. § 1988.  The defendants then appealed to the Ninth Circuit, wherein the Ninth Circuit affirmed the jury verdict.  Defendants then appealed to the Supreme Court but, after requesting a response to the petition, the Supreme Court denied certiorari. Judge Carney subsequently awarded me $1,200 per hour in the related attorney fee motion for all work done on the defendants' appeal to the Ninth Circuit and the Supreme Court. Attached hereto as "**Exhibit A**" is a true and correct copy of Judge Carney's February 21, 2023 Order awarding me $1,200 per hour.

18.     I was also awarded an hourly rate of $1,200 in the case *Valenzuela v. City of Anaheim, supra*.  I tried the *Valenzuela* case in November 2019, in federal court, also before the Honorable Cormac J. Carney.  In that case, the plaintiffs contended that the officers asphyxiated the decedent by improperly applying a controversial air choke hold while decedent was not actively resisting and posed no threat. The defense argued that the decedent had a long history of drug abuse, had preexisting health issues, and was under the influence of methamphetamine at the time of his encounter with law enforcement during which he refused to comply with officers' commands and exhibited "superhuman" strength.  After the plaintiffs prevailed and was awarded a verdict of $13.2 million, the defendants appealed to the Ninth Circuit and subsequently to the

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

Supreme Court. After the Supreme Court denied certiorari, Judge Carney awarded me $1,200 per hour, pursuant to a 42 U.S.C. § 1988 attorney's fees motion, for my work done in response to the defendants' appeal to the Ninth Circuit and the Supreme Court. Attached hereto as "**Exhibit B**" is a true and correct copy of the February 23, 2023 Order awarding me $1,200 per hour.

19. I tried the case *L.D. v. City of Los Angeles* in federal court in January 2020 in front of the Honorable Philip Gutierrez. In that case, there was no offer of settlement. Plaintiffs contended that the individual defendant LAPD SWAT officers used beanbag shotguns, hot gas, and tasers against the decedent, who was inside his own bedroom and committing no crime, eventually forcing the decedent out of the house, where he was fatally shot by a SWAT officer. The defense argued that the decedent refused to drop a pair of scissors and that the decedent injured an officer with the scissors immediately prior to the shooting. The jury awarded Plaintiffs a verdict of $4.5 million, and Judge Gutierrez awarded me an hourly rate of $1,100 in ruling on the attorney fee motion brought post-trial pursuant to 42 U.S.C. § 1988. A true and correct copy of Judge Gutierrez's April 23, 2020, Order awarding me $1,100 per hour is attached hereto as **"Exhibit C."**

20. In this case, I had primary responsibility for preparing for and delivering oral argument before the Ninth Circuit panel, which included reviewing the record and anticipating likely questions and potential responses. Although at oral argument the panel focused on the Fifth Amendment question, it was necessary to prepare to effectively and efficiently present argument on multiple issues, each requiring the distillation of complex factual and legal analyses. For all the above reasons, including the difficulty of this case and the skill, experience and ability necessary to prevail in this case, I am requesting to be awarded **$1,400** per hour for my work in this case on the appeal and the related appellate matters. Given that top litigators at top law firms are billing their clients between $1,200 to $1,800 per hour for trial work and preparation, I

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

am respectfully requesting an hourly fee award of $1,400 based on my trial experience and accomplishments as a civil rights attorney as a trial attorney in general. Given that I have had my own law firm for three decades and have tried well over 100 civil rights cases, I believe that I have more trial experience and expertise than most law firm partners. Considering that civil rights cases are thought to be the most difficult cases for plaintiffs to prevail on, and considering that I have prevailed on more excessive force cases than probably anyone in the country, I believe $1,400 per hour is an appropriate rate.

21.    The work done on this case by Mr. Fattahi, Mr. Valenzuela, and Ms. Masongsong, in my opinion, was of high quality and was instrumental in helping the Plaintiffs prevail on appeal.  Mr. Fattahi's briefing set the stage for oral argument by effectively winning two of the three issues on the papers, leaving only the Fifth Amendment issue unresolved in the panel's collective minds.  Mr. Fattahi, Mr. Valenzuela, and Ms. Masongsong also provided valuable assistance regarding my oral argument preparation.

Mr. Fattahi was employed by my firm as an associate from 2009 to 2011, following employment as a law clerk to the Honorable Virginia A. Phillips and as a partnership-track associate at Quinn Emanuel.  During that time frame, Mr. Fattahi was an exceptional employee, with outstanding research and writing abilities, and amazing attention to detail on the civil rights cases assigned to him.  There were several substantial settlements we obtained and several jury trials we participated in together in which we prevailed.  After Mr. Fattahi left my employ in 2011 to start his own practice, we continued to associate with each other and work on cases together.  We have had tremendous success working together with multiple seven figure verdicts and settlements.  On all my major jury verdicts, I have Mr. Fattahi directly involved in oppositions to post-trial motions and in working on appeals.  He has done amazing work with incredible results on these post-trial motions and appeals, and I trust my post-trial

motions and appeals to Mr. Fattahi because of his outstanding skills and abilities as an attorney. I am familiar with the market rates of attorneys engaged in similarly complex federal litigation, particularly civil rights litigation, including judicial fee awards in the numerous such cases I have handled personally. The quality of Mr. Fattahi's work is as good as or better than many attorneys who have been in practice for much longer. Based on Mr. Fattahi's exceptional abilities and experience as a civil rights attorney, I strongly believe his time is well worth the $975 per hour being sought in the instant action. Mr. Fattahi's insight and contribution to the central legal issues in the case was instrumental to helping Plaintiffs prevail on appeal.

22. Mr. Valenzuela and Ms. Masongsong are senior associate attorneys at my office who work almost exclusively on civil rights litigation. Mr. Valenzuela was extremely influential in achieving a favorable result for the Plaintiffs in this matter. Mr. Valenzuela began as an intern with my office back in June of 2008, and has continued to work for my office ever since then. He has worked for me longer than any other of my current employees, he is the firm's most senior associate and has more experience, skill, and expertise litigating police excessive force cases than do some of my colleagues who are many years his senior. I routinely direct our co-counsel, my colleagues, and the firm's less senior associates to Mr. Valenzuela when they seek exemplars or have questions about jurisprudence, procedure, and strategy. Mr. Valenzuela is an excellent mentor to the firm's less experienced associates and the firm's interns. In my opinion, Mr. Valenzuela's work product is of the highest quality, and he has achieved tremendous results for our clients in some of my firm's most challenging and complicated cases. His work has resulted in numerous six and seven-figure settlements (many of which he was the only attorney present during the mediation for the Plaintiffs) and jury verdicts for our clients, he has prevailed in numerous appeals in federal court, many of which went on to become published opinions and he has successfully argued before the Ninth Circuit in a civil rights police excessive force shooting case. Further, many of the Plaintiffs and

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

witnesses in civil rights police excessive force cases are Spanish-speaking only, and Mr. Valenzuela is the only employee/attorney at my firm that speaks fluent Spanish.  Mr. Valenzuela is well-respected by his peers in both the plaintiffs' bar and the defense bar and he has a reputation for being collegial, temperate, highly knowledgeable, and an impressive advocate.  Given his nearly 12 years of civil rights litigation experience while working for my firm, his credentials, and his high level of competency in police excessive force litigation, Mr. Valenzuela's hourly rate of $800 per hour is consistent with the prevailing billing rate for lawyers of comparable skill and experience throughout California.

23.     In addition to Mr. Valenzuela working on this matter, senior associate attorney Renee V. Masongsong has litigated this case with me from June 2019 to the present.  Since that time, she has handled the case with incredible skill and diligence.  Ms. Masongsong was influential in obtaining a successful verdict for the Plaintiffs in this matter, including by working with Plaintiffs' damages experts, handling law and motion and written discovery, conducting legal research, and assisting me in preparing for trial.  Ms. Masongsong has worked for my firm exclusively on civil rights cases in my office for eleven years.  In that time, her excellent legal research and writing, as well as her attention to detail and diligence in the day-to-day management of approximately twenty cases per year, has resulted in numerous six and seven-figure settlements and jury verdicts for my clients.  In my opinion, Ms. Masongsong is a dedicated, reliable, and intelligent attorney.  I am routinely contacted by other attorneys interested in civil rights litigation for advice, and I habitually put them in contact with Ms. Masongsong knowing that all of their questions will be answered, and her guidance will assist colleagues in successfully litigating their cases.  Many, if not all, of the attorneys seeking her consultation are many years her senior.  Because of this, Ms. Masongsong has developed a great reputation in the community.  Given Ms. Masongsong's experience and competency in civil rights litigation, I believe it would be appropriate to

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

compensate Ms. Masongsong's work at $800 per hour.  Taking into account Mr. Valenzuela's and Ms. Masongsong's additional gained experience since 2022, the requested hourly rate of $800 is a reasonable rate for attorneys with their experience, skill, and expertise.

24.     My office takes all of our civil rights cases, including the present case, purely on a contingent fee basis, paying costs in advance, including considerable expert fees, and at considerable risk with the ultimate result open to question.  Practicing in this area of law involves a great deal of risk as these cases are often subject to motions to dismiss, can be lost on the merits, or on appeal.  The Law Offices of Dale K. Galipo takes these cases on a contingency basis despite the considerable expense involved, because of the critically important civil and human rights issues at stake.  Few attorneys are willing to run such a risk of recovery in order to press for a victory for civil rights.  My office has turned down cases that could potentially result in settlement or verdict for much higher amounts than our average verdict or settlement, specifically because those cases are not civil rights cases and detract from the time spent on these cases of vital importance to our nation.  Upon first review of this case, I was aware of the difficulty, risk, and expense that would follow.  Nevertheless, these are just the type of cases that my firm does not readily turn away—a testament that truly difficult cases such as this require truly dedicated and highly skilled representation.  I needed to take this case for Mr. and Mrs. French, and knew that I would not be able to accept cases such as this if not for the attorneys' fees provision.

25.     Since my reply declaration was filed in this case on February 22, 2022 (Dkt. 156-1), I have reasonably expended an additional **71.0** hours of billable time on this matter, bringing my total billable hours to **433**.

26.     At my requested hourly rate of **$1,400**, The total amount of additional fees I generated in this action is $99,400 (in addition to the $602,030 previously awarded to me by this Court).

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

27.    My additional time is as follows:

| DATE | DESCRIPTION | HOURS |
|---|---|---|
| 12/20/22 | Review Judgment | 0.30 |
| 12/20/22 | Review trial transcripts | 4.70 |
| 12/21/22 | Legal research | 3.00 |
| 12/23/22 | Review opening brief; conduct legal research | 3.40 |
| 1/5/23 | Zoom with John Fattahi, Renee Masongsong, and Eric Valenzuela | 1.10 |
| 3/13/23 | Conduct legal research | 2.40 |
| 3/19/23 | Review draft of answering brief | 1.80 |
| 3/23/23 | Confer with John Fattahi | 0.80 |
| 3/23/23 | Review answering brief; Legal research | 4.60 |
| 6/15/23 | Review reply brief; Legal Research | 3.20 |
| 7/17/23 | Confer with John Fattahi re oral argument | 0.80 |
| 8/1/23 | Review MSJ, opposition and reply | 2.10 |
| 8/2/23 | Review post-trial motions, oppositions and replies | 2.90 |
| 8/2/23 | Review Order on post-trial motions | 0.40 |
| 8/7/23 | Confer with John Fattahi | 0.20 |
| 8/8/23 | Zoom meeting with John Fattahi, Renee Masongsong, and Eric Valenzuela | 1.00 |
| 8/11/23 | Preparation for oral argument | 3.00 |
| 8/12/23 | Preparation for oral argument | 8.20 |
| 8/13/23 | Confer with John Fattahi re oral argument | 1.00 |
| 8/13/23 | Preparation for oral argument | 7.80 |
| 8/14/23 | Confer with John Fattahi | 1.00 |
| 8/14/23 | Preparation for oral argument | 7.50 |
| 8/15/23 | Oral Argument preparation | 2.00 |
| 8/15/23 | Prepare for and attend oral argument | 5.50 |
| 10/16/23 | Review memorandum disposition; confer with John Fattahi | 0.50 |
| 10/30/23 | Review petition for rehearing | 1.50 |
| 11/27/23 | Review decision amending memorandum and denying petition for rehearing | 0.30 |
| TOTAL ADDITIONAL HOURS | | 71.00 |

11                    Case No. 5:20-cv-00416

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.  Executed this 18th day of January 2024 in Woodland Hills, California.

/s/    *Dale K. Galipo*

Dale K. Galipo

DECLARATION OF DALE K. GALIPO IN SUPPORT OF MOTION FOR ATTORNEYS' FEES ON APPEAL